## ANTHONY CUSCUNA
*vs.*
## WILLIAM H. BURLAND

| Superior Court | New Haven County | File No. 60749 |
|---|---|---|

MEMORANDUM FILED JUNE 27, 1941.

*Albert M. Herrmann,* of New Haven, for the Plaintiff.

*William H. Burland,* of New Haven, for the Defendant.

KING, J. This is an application for an order directing that a transcript of the evidence presented at a hearing before the Compensation Commissioner for the Third Congressional District be ordered "in accordance with the provisions of section 256 of the Practice Book."

At the first presentation at the short calendar on June 13th, no evidence of any kind was produced, and, at the suggestion of the court, the matter was continued to the next short calendar to permit counsel to offer evidence in support of the motion. At this second hearing, on June 20th, evidence was presented tending to prove that the claimant was without sufficient funds to purchase the transcript.

The determination of the motion turns on the proper interpretation and application of the last sentence in section 1614c of the 1935 Cumulative Supplement to the General Statutes, enacted in 1935, subsequent to the publication of the current edition of the Practice Book.

A resort to the finding and award appealed from, on file in the clerk's office, discloses that the claimant was for some time incapacitated by reason of an injury to his right eye sustained while doing plastering work on the respondent's property. The Commissioner dismissed the claim on the ground that the respondent regularly employed less than five, and, so, that the Compensation Act did not apply. Apparently the Commissioner properly acted in accordance with the rule in *France vs. Munson,* 125 Conn. 22, 29. It also appears, as an independent ground for an adverse award, that the relationship between the claimant and respondent was not found to be that of employer and employee. *Id.* 34.

Claimant was represented at the hearing before the Commissioner by an attorney of experience and ability. For some undisclosed reason, that attorney is not prosecuting this appeal, but claimant engaged another attorney, who now makes this motion on the ground that he thinks that the finding should perhaps be corrected but cannot be sure because (not having represented the claimant at the hearing before the Commissioner) he did not hear the testimony. For this reason he asks that the claimant be supplied with a transcript of the evidence at public expense.

The statute in question is a salutary one, and should be liberally construed in furtherance of the obviously desirable

social objectives which prompted its enactment as well as that of the entire Workmen's Compensation Act.

Nevertheless, had the General Assembly intended that in any case where a party lacked sufficient funds to obtain a transcript he should be supplied with one at public expense, it could readily have said so. Instead, it provided that an order furnishing him such a transcript should be made when "it shall appear to the court that justice so requires."

To give proper effect to this language, it must be construed to impose on the party seeking the order to supply the transcript, the burden of showing (1) financial inability to pay for a transcript without hardship, and (2) that the action of the Commissioner appealed from was such that justice requires an attempt to secure a correction of the finding, or some other relief, for obtaining which the transcript is required. Something more is needed than an expression of the natural dissatisfaction of a claimant with an adverse finding and award. The burden of proving that justice requires such an order is, under the statute, on the person applying for it. The claimant did not sustain this burden, and the motion should be denied.

The motion is denied.